ZERALDA SCALES, Respondent, v. M. W. SCALES, Appellant.

**St. Louis Court of Appeals, February 25, 1896.**

1. **Divorce**: DOWER. When a divorce is granted to the wife for the fault or misconduct of the husband, her right of dower is not lost; and the court is accordingly not authorized in such a case to require of her the relinquishment of her dower.

2. ———: VACATING DECREE. Nor has the court the right, even during the term and of its own motion, to vacate a valid decree of divorce in the absence of any legal ground for its action.

3. ———: MODIFICATION OF DECREE BY INCLUDING ALLOWANCE FOR ALIMONY. But, when the decree is in favor of the wife, the court may on her motion modify it by including therein an allowance of alimony.

*Appeal from the Howell Circuit Court.*—HON. WM. N. EVANS, Judge.

REVERSED AND REMANDED (*with directions*).

*William Monks* for appellant.

No brief filed for respondent.

BOND, J.—Plaintiff sued for divorce on the ground of indignities rendering her condition intolerable. Defendant filed an answer and cross bill, averring that plaintiff was quarrelsome and dissatisfied, and refused to live with him, and required him to maintain two homes, one for his children by a former marriage and one for herself; and that, when he visited her, she refused to recognize him as her husband. He averred his willingness to support her, if she would live with him.

There was evidence tending to prove the allegations of plaintiff's petition and the averments of defendant's answer and cross bill. The court rendered a decree of absolute divorce at its April term, 1895, and on the twenty-seventh of said month adjourned said term until the first Monday in June, 1895. The court convened pursuant to said adjournment. On the second day thereafter plaintiff moved a modification of the decree of the court in her favor, so as to include therein an allowance of alimony for the support of herself and infant child, committed to her in the decree of divorce, and for suit money. Defendant demurred to said motion. Thereupon the court overruled the demurrer and disposed of the matter as follows: "The demurrer being taken up and by the court overruled, the court of its own motion sets aside the decree heretofore rendered, and, it being the same term, and said bill was dismissed by the court." Defendant excepted to this ruling of the court and prosecutes his appeal to this court.

After adjudging a decree from the bonds of matrimony in favor of plaintiff, the decree concludes as follows: "It is further ordered and decreed by the court that plaintiff relinquish all of her dower and interest in the lands and town property, and that the defendant, M. W. Scales, at his choice have the right to pay one hundred dollars and take all the town property, or turn it over to her upon the payment of two hundred and fifty dollars, and the defendant pay the costs of this suit."

It is evident the portion of this decree referring to dower was erroneous. The divorce having been granted to plaintiff for the fault or misconduct of her husband, her right to dower was not lost, and the order of the court undertaking to compel her relinquishment was unauthorized. Revised Statutes, 1889, section 4526.

The remainder of the above order seems to have been intended to adjudge alimony.

It was competent for the trial court to modify this decree so as to award alimony to plaintiff, since she was the innocent and injured party and had obtained a divorce. Revised Statutes, 1889, section 4511. The court could not, however, even at the same term and of its own motion, vacate a decree of divorce validly rendered without some legal ground for such action. *Morris v. Morris*, 60 Mo. App. 86. There is nothing in the record before us disclosing any legal grounds for the order of the court setting aside the decree of divorce; hence, its ruling was unwarranted and will be reversed, and the cause remanded with directions to modify its decree by omitting therefrom the portion relating to dower, and to make such disposition of the motion for alimony as the facts may warrant. It is so ordered. All the judges concur.