## JOHN L. DAVISON et al. v. FLORENCE M. DAVISON, Appellant.

### Division Two, December 10, 1907.

1. **JUDGMENT: Clerical Errors: Nunc Pro Tunc.** The law does not authorize the correction of judicial errors under the pretense of correcting clerical errors in the judgment. If the court rendered a judgment it intended to render, it has no authority at a subsequent term to change such judgment by rendering one that was not in fact rendered, even though it may subsequently be discovered that some error of law was committed in rendering it.

2. ———: ———: **Dower.** The court has no authority in its decree assigning to a widow homestead and dower to limit the enjoyment of her dower to her widowhood; and, if the clerk in writing up the judgment places such a limitation thereon, it is void, but changes in the main body of the decree (outside of the clerical error) cannot be corrected by a *nunc pro tunc* entry at a subsequent term.

3. ———: ———: ———: **Homestead: Nunc Pro Tunc Entry: Appeal.** The commissioners' report assigning homestead to the widow during her life or widowhood and admeasuring to her dower in the rest of the real estate during her natural life was, by agreement of all parties, approved and confirmed by the court, but the clerk in entering judgment limited her dower as well as the homestead to "her natural life or widowhood." Four terms afterwards she applied for a *nunc pro tunc* order correcting the judgment, and that was allowed, and the judgment was so modified as to remove the limitation upon her dower, and then she appealed, and alleges as error that she was entitled to dower in the homestead tract, which was not given her by the report and decree. *Held*, first, that there was no necessity for making the *nunc pro tunc* entry correcting the phraseology of the decree as originally entered, but the limitation on her dower was without force and vitality; *second*, the trial court had no power at the subsequent term to change the decree so as to allow her dower in the homestead, for if that was error, it was a judicial error; and, *third*, there was no action of the court at the time the *nunc pro tunc* entry was made from which an appeal lies.

Appeal from Jasper Circuit Court.—*Hon. Jos. D. Perkins,* Judge.

APPEAL DISMISSED.

*H. L. Shannon* for appellant.

Appellant was entitled to dower in the homestead of her deceased husband. Chrisman v. Linderman, 202 Mo. 605. The facts found by the commissioners show that appellant was entitled to have the entire homestead tract assigned to her as a part of her dower, and therefore the judgment should have given her dower, as well as homestead, in that tract. 11 Ency. Pl. and Pr., 906, 907, 908.

*M. G. McGregor* for respondents.

(1) From what is appellant prosecuting her appeal? The record shows her appealing from an order of the circuit court which sustains the motion filed by her for a *nunc pro tunc* entry of judgment. She is estopped from complaining of an error of her own creation committed at her request. St. Louis v. Lawton, 189 Mo. 482; State ex rel. v. Wooldridge, 192 Mo. 14; Sprague v. Sea, 152 Mo. 339. (2) Appellant now claims that on the authority of Chrisman v. Linderman, 202 Mo. 605, the final decree of the circuit court should have given her dower in the homestead tract. Even if the court took the wrong view of the law, it was powerless to change its decree at a subsequent term of the court. Besides, it does not appear that the court's attention was ever called thereto. Burnside v. Wand, 170 Mo. 543; Jones v. Hart, 60 Mo. 354; Wooldridge v. Quinn, 70 Mo. 371; Ross v. Ross, 83 Mo. 101. A mistake of law or fact does not constitute an irregularity. Brackett v. Brackett, 61 Mo. 223. (3) The report of the commissioners and the final decree follow the statute and all the decisions of this court in setting off first to appellant her homestead and then dower in other lands, and the decree of the court entitles her to possession of the homestead and other land set off to her and it nowhere appears that her possession is disturbed or threatened. R. S. 1899, secs. 3620, 3621;

Gore v. Riley, 161 Mo. 244; Seck v. Haynes, 68 Mo. 17; Graves v. Cochran, 68 Mo. 76; Bryan v. Rhoades, 96 Mo. 489; Cassity v. Pound, 167 Mo. 610.

FOX, P. J.—This cause is now before this court upon appeal by the defendant from a judgment admeasuring to her homestead and dower in certain real estate of which her husband died seized. We deem it unnecessary to reproduce the pleadings in this cause, therefore will be content with a mere reference to them indicating their nature and character.

The respondents, as the children and legatees of John Q. Davison, deceased, commenced an action in the circuit court of Jasper county, Missouri, on the second day of June, 1902, against the appellant, to assign and admeasure to appellant her dower in the real estate of her deceased husband, the said John Q. Davison. In her answer the appellant pleaded that a certain portion of said real estate was the homestead of her deceased husband and herself prior to his death and prayed that the same, as well as her dower, be set off to her. By an interlocutory decree commissioners were appointed and directed to set off homestead and dower to appellant. The commissioners found the value of the real estate of the deceased to be $6,885, and set off a tract to appellant of the value of $1,500 for her homestead, and another tract of the value of $795 for her dower, the value of the homestead and dower tracts being equal to one-third the value of all the real estate of the deceased. The report of the commissioners neither affirmed nor denied the right of appellant to dower in the homestead tract. The report of the commissioners was approved and confirmed by agreement of the parties, but in writing up the judgment the clerk concluded as follows, to-wit: "It is therefore considered, adjudged and decreed by the court that the said homestead and dower interest heretofore

set off by the commissioners herein to Florence M. Davison, widow of John Q. Davison, deceased, be and the same is vested in the said Florence M. Davison during her natural life or widowhood."

The interlocutory decree made in this cause was at the November term, 1902. At the succeeding term, being the March term, 1903, said commissioners made their report to the court, which was as follows:

"Having first taken and subscribed the oath required by law, which is herewith filed, to faithfully discharge our duties and honestly and impartially execute the trust imposed in us, respectively, we proceeded to the land and other real estate of the deceased, situated in Jasper county, Missouri, and described as follows to-wit: [Here follows description of the lands of the deceased, including the lands described in paragraph four of this stipulation]; and all of which real estate above described belonging to said deceased at the time of his death, we find of the total value of $6,-885, out of which we set off to the defendant for her homestead all of the interest of the deceased (being a five-sevenths interest) in the ten acres, the southwest quarter of the southeast quarter of the northeast quarter of section 10, township 28, range 3; and for the remaining two-sevenths interest, belonging in fee to the plaintiffs, Orville B. Davison and Mary J. Keener, we set off four acres therefrom off of the west side thereof, and the remaining six acres off of the east side of said ten acre tract, on which is situate the late residence of the deceased, we set off to the defendant, Florence M. Davison, as her homestead, valued by us at $1,500, for and during her natural life or widowhood, and from the residue of the real estate of the deceased we set out and admeasured to the defendant as her dower, diminished by the amount of her interest in said homestead, the following described lots and parcels of land situate in said Jasper county, to-wit: Fifty-two and

207 Sup—45

a half feet wide, east and west, off of the west end of the south half of lot 43, and 52 1-2 feet wide, east and west, off of the west ends of Lots 44 and 45 in Sarah A. Barker's addition to the city of Carthage, Jasper county, Missouri, and a tract of land described as follows: Beginning at the southwest corner of Lot 45 in Sarah A. Barker's addition to the city of Carthage, running thence west thirty feet, thence north 150 feet, thence east 30 feet, thence south 150 feet to the place of beginning, said above dower tracts in all fronting 82 1-2 feet on Cedar street in the city of Carthage, on which is situated a house, and valued by us at $795 — said homestead and dower being valued at $2,295, said dower being for and during the natural life of the defendant."

This report was at the same term, by agreement of the parties, both respondents and appellant, approved and confirmed by the court. The decree was entered in the record of the court by the clerk thereof and it was in this entry of the decree in which the concluding part of it as heretofore indicated, was embraced.

After the lapse of four regular terms of court the appellant in this cause seems to have discovered the limitation which the decree in the concluding part sought to impose upon the enjoyment of her dower interest. Therefore at the November term, 1904, she filed her motion for a *nunc pro tunc* entry of judgment, seeking thereby to correct the error contained in the decree respecting the limitation placed upon her dower rights. The court sustained this motion and made a *nunc pro tunc* entry as of date of the original decree, April 4, 1903, in which the original decree was changed so as to read that the six-acre homestead was vested in the appellant during her natural life or widowhood and the dower tracts were vested in her for and during her natural life, conforming to the report of the commis-

sioners and the docket entry of the judge. In other words, the court sustained the motion of the appellant herein and removed the limitation placed upon her dower interest in the original decree. The record discloses that after the sustaining of this motion defendant filed her affidavit for appeal and the court granted an appeal to this court and the record is now before us for consideration.

## OPINION.

We are unable to see how this court, upon the disclosures of the record before us, is to in any way interfere with the judgment and decree rendered in this cause by the trial court. The record discloses that the commissioners were appointed at the November term, 1902. At the succeeding term, being the March term, 1903, they made their report assigning homestead and dower in the manner as indicated in the report. At the same term of court at which the report of the commissioners was filed, the record recites the appearance of the parties and by agreement between said parties said report was approved and confirmed. The decree was therefore entered approving and confirming the report. It was in this decree that the objectionable features in the concluding part of the decree were embraced in which there was a limitation upon the enjoyment of the dower interest by the appellant to her natural life or widowhood. There was no appeal from this decree, but as the record discloses, after the lapse of four regular terms of court, upon motion of plaintiffs the objectionable features to the decree were eliminated by a *nunc pro tunc* entry made by the court.

## I.

In our opinion there was no necessity for the making of the *nunc pro tunc* entry correcting the phraseology of the decree as originally entered. In that de-

cree the defendant's homestead and dower interest had
been assigned and the court had no power to place a
limitation, other  than that which is placed by the law,
as to the length of time the widow should be entitled to
enjoy such dower interest.  That part of the decree was
without any force or vitality and could, by no means,
be enforced against the widow, and her right to enjoy
the estate of dower in the lands of which her husband
died seized was in no way affected by it.  As to changes
in the main body of the decree, which was entered in
conformity to the agreement of respondents and appel-
lant, the court had no power to correct any errors of
law at a subsequent term of the court.  The general
rule is that no final judgment can be amended after the
term at which it is rendered.  The law does not author-
ize the correction of judicial errors under the pretense
of correcting clerical errors.  [Ross v. Ross, 83 Mo.
100; Freeman on Judgments (3 Ed.), sec. 69.]  A court
may at any time correct clerical errors by the minutes
of the judge or by some record in the cause showing
clearly that such a clerical error was committed; and
it may even correct a judgment entry so as to make the
judgment that which the court in fact rendered.  [Rob-
ertson v. Neal, 60 Mo. 579; Fletcher v. Coombs, 58 Mo.
430; Hyde v. Curling & Robertson, 10 Mo. 359; State ex
rel. v. Primm, 61 Mo. 166.]  But, on the other hand,
if the court renders a judgment which it intended to
enter, it has no authority at a subsequent term to
change such judgment by rendering one that was not
in fact rendered, even though it may subsequently be
discovered that some error of law was committed in the
rendition of such original judgment.  In this cause
there is no dispute, so far as the main body of the de-
cree is concerned, that the court entered the judgment
it intended to enter, and furthermore entered it in con-
formity to an agreement by the parties to the proceed-
ing.

Learned counsel for appellant insists in his brief that the widow was entitled to dower in the homestead of her deceased husband and directs our attention in support of that contention to the case of Chrisman v. Linderman, 202 Mo. 605. That case is unlike the case at bar, and it will suffice to say of it that the conclusions therein reached were predicated upon an entirely different state of facts to those in the case we now have under consideration; hence it has no application to the controversy in this proceeding, therefore we deem it unnecessary to review it or in any way discuss it.

In our opinion, at the November term, 1904, at which time the *nunc pro tunc* entry was entered upon the motion and suggestion of the appellant, there was no action of the court at that term from which the defendant had a right to appeal.

We have given expression to our views upon the record before us, which results in the conclusion that the appeal in this case was inadvertently granted and therefore should be dismissed. It is so ordered.

All concur.