ALICE ECTON v. LILLIE TOMLINSON et al., Appellants.

Division One, June 2, 1919.

1. **JURISDICTION:** Divorce: Wife's Dower in Land. The court in an action of divorce has no jurisdiction to compel the wife to relinquish her inchoate dower in her husband's lands; and a judgment by which it attempts, by its decree, to adjudicate and settle all questions of property rights, both present and inchoate, by awarding to the wife certain personal property and money in lieu of dower, is void, for it is not merely an erroneous exercise of jurisdiction, but is a proceeding wholly without jurisdiction.

2. **ESTOPPEL:** Alimony in Lieu of Dower: Acceptance. Notwithstanding that part of a judgment in the divorce suit which undertakes to award to a wife certain property in lieu of dower in her husband's lands is void, yet if it goes further and decrees to her certain specific personal property of the husband and awards her a sum of money, and adjudges that they shall be in lieu of dower and other rights in his property, which shall thereafter be free of any claim on her part, and she acquiesces in the condition upon which the judgment declared she could have those things, and accepts and retains them, and thereby receives more than she would have done had not the decree taken into consideration her inchoate dower, she thereby estops herself from asserting, after his death, dower in lands which he owned during the marriage.

Appeal from Audrain Circuit Court.—*Hon. E. S. Gantt, Judge.*

REVERSED.

*R. D. Rogers* for appellants.

(1) The court in the divorce case had jurisdiction over the parties, and the subject-matters, and the judgment there rendered even though erroneous, not being appealed from or set aside, became final and the plaintiff became bound thereby and cannot attack said judgment in this case. Murphy v. De France, 101 Mo. 151; State ex rel. v. Edwards, 192 Mo. App. 413; State v. McCord, 207 Mo. 519. (2) Plaintiff by accepting the decree in the divorce case and getting more property thereunder than she would have gotten if said decree had not taken into consideration her loss of inchoate dower, is estopped to now deny the validity of the judgment by virtue of which she acquired the property. Crews v. Mooney, 74 Mo. 26; 14 Cyc. 724, par. 4; Marvin v. Collins, 48 Ill. 156; Owens v. Yale, 42 N. W. 817; Adams v. Storey, 26 N. E. 582; DeWitt v. DeWitt, 66 N. E. 140; Pearson v. Pearson, 178 S. W. 1164; Delafield v. Brady, 15 N. E. 428; Storke v. Storke, 64 Pac. 578; Long v. Barton, 86 N. E. 127; Walton v. Walton, 77 N. W. 399; Gallager v. Gallager, 77 N. W. 145; Linse v. Linse, 108 N. W. 8; Baird v. Connell, 96 N. W. 863; Elmendorf v. Lockwood, 57 N. W. 322. (3) Even if this court should hold void that part of the decree in the divorce case, dealing with dower, yet as plaintiff accepted benefits thereunder, she is now estopped from asserting the decree was void. Storke v. Storke, 64 Pac. 578; 14 Cyc. 724.

*Fry & Fry* for respondent.

(1) A woman can be deprived of her dower in Missouri in only two ways: First, by deed of con-

veyance executed and acknowledged by her jointly with her husband. R. S. 1909, secs. 2787, 2788 and 2789; Hord v. Taubman, 79 Mo. 101. Second, if the husband be divorced from the wife, for her fault or misconduct, she shall not be endowed. R. S. 1909, secs. 359, 358, 365. Neither voluntary nor involuntary alienation of husband's title will defeat dower. Grady v. McCorkle, 57 Mo. 172; Hall v. Smith, 103 Mo. 289; McCreary v. Lewis, 114 Mo. 582. (2) The plaintiff was divorced from her husband for the fault and misconduct of said husband and "she shall not thereby lose her dower." R. S. 1909, sec. 359. Therefore the decree, wherein it undertook to compel her relinquishment of her dower, "is without any force or vitality" and cannot be enforced. Davison v. Davison, 207 Mo. 702; Jordan v. Rudluff, 264 Mo. 129; Murray v. Scully, 259 Mo. 57; Scales v. Scales, 65 Mo. App. 292; Rannells v. Gerner, 80 Mo. 474; Sec. 358, R. S. 1909; Saunders v. Saunders, 144 Mo. 482. (3) There is no estoppel in this case. Rannells v. Gerner. 80 Mo. 474; Jordan v. Rudluff, 264 Mo. 129; Ridgley v. Stillwell, 27 Mo. 128; Dickey v. Heim, 48 Mo. App. 114; Blodgett v. Berry, 97 Mo. 273. The only possible kind of estoppel in the case would be estoppel *in pais*. Blodgett v. Perry, 97 Mo. 273. Estoppel *in pais* does not apply to married women, especially in matter of dower. Rannells v. Gerner, 80 Mo. 474.

RAGLAND, C.—This is a suit for the recovery of dower and is here by appeal from the Circuit Court of Audrain County. The petition is conventional. The answer pleads the decree of divorce hereinafter set out as a complete defense in that it operated to extinguish dower, as it is claimed, and also by way of estoppel.

Respondent, a widow with two children, in 1901, married one William S. Ragsdale. In 1907 she secured a divorce from him for his fault and misconduct. The decree of divorce, as far as material in this case, is as follows:

"And the court doth further find that the said plaintiff is entitled to all of the household goods and furniture now in her possession and removed from the residence of the said defendant, and is also entitled to one diamond ring and one diamond stud heretofore taken into her possession from the defendant; it is therefore considered, ordered and adjudged by the court that the plaintiff be divorced from the bonds of matrimony heretofore contracted between the plaintiff and the defendant and that she have a judgment for alimony in addition to the property above described in the sum of $1500, and that the same be paid to her as follows: $500 on or before the first day of April, 1907, and $1000 on or before September 1, 1907, and that said $1000 payment bear interest from date at the rate of six per cent per annum, and it is further adjudged by the court that said plaintiff take said property and said debts as alimony in gross and in lieu of all dower and other right in defendant's property and that defendant's property be free from any further claim by said plaintiff."

The trial court in the instant case, at the request of defendant, made the following special finding of fact:

"The court finds from the evidence that the alimony in gross awarded plaintiff in her suit for divorce amounted to about the sum of $2500, and that the decree of divorce was prepared and drawn by George Robertson, who was the attorney for plaintiff in the divorce suit, and that the court in the divorce suit in awarding alimony in gross intended to award a sum sufficient to include and compensate plaintiff for the value of her inchoate right of dower and gave plaintiff substantially more alimony in gross than would have been given her if the question of dower had not been considered in said decree of divorce, and the court further finds that the parties to said divorce suit and their respective counsel so understood said decree of divorce."

Ragsdale had never been married before, and upon his marriage to respondent he provided a home and furnished it. Some months prior to the institution of the divorce suit by respondent she separated from her husband, and removed from his dwelling and took with her his household goods and furniture and the diamonds mentioned in the decree. This property that she took, together with the $1500 awarded to her as alimony, was equivalent to practically one-half of all the property owned by Ragsdale. Neither party took an appeal from the decree of divorce, and it became final as to each of them so far as each was concluded thereby. Respondent kept the personal property of her husband mentioned in the decree, and Ragsdale paid the money awarded as alimony. Ragsdale died in March, 1916, and respondent immediately instituted this suit to recover dower in his real estate.

No children were born of the marriage, and, consequently, Ragsdale left no descendents. One Goldie Ragsdale, and defendant Lillie Tomlinson, his nieces, were his only heirs. Goldie conveyed after her uncle's death to her sister Lillie, who, upon the institution of the suit, was in possession of the lands in which dower is claimed. Defendant, Green Tomlinson, is the husband of his codefendant and has no interest in said lands.

This case was tried to the court without a jury. At the request of plaintiff, the court declared as a matter of law that that part of the divorce decree, to-wit, "And in lieu of all dower and other rights in defendant's property and that defendant's property be free from any further claim by plaintiff," is absolutely void and of no effect and is not binding upon the plaintiff. The court found the issues for the plaintiff and rendered judgment accordingly. Appellants after an unavailing motion for new trial were duly granted an appeal to this court.

As the evidence indisputably shows that respondent was married to Ragsdale, that at a time during the

marriage he was seized of an estate of inheritance in the lands in controversy, that she at no time joined with him in a deed or other conveyance of the same, that she obtained a divorce from him for his fault and misconduct, and that he has since died, she is entitled to dower unless the judgment in the divorce case, under the circumstances under which it was rendered and her subsequent acquiescence therein, operated to preclude her. That judgment decreed to her household goods and furniture and diamonds, the property of her husband, of the value of $1000, and in addition thereto awarded her alimony in the sum of $1500, the payment of a part of which was deferred and bore interest. The judgment then recites: "And it is further adjudged by the court that said plaintiff take said property and said debts as alimony in gross and in lieu of all dower and other rights in defendant's property and that defendant's property be free from any further claim by said plaintiff." It is the theory of the respondent that the judgment in the respect that it attempts to deprive her of dower in the lands of her former husband is void, a mere nullity, and not binding upon her in any degree whatever. Appellants on the contrary contend, (1) that as the court had jurisdiction over the parties and subject-matter, the judgment, even though erroneous, not being appealed from or set aside, became final and binding and not subject to attack collaterally, and (2) that plaintiff having accepted and taken all the property awarded her under that decree is estopped from repudiating any part of it, but is bound by all its terms.

I. That the jurisdiction of courts in this State to hear and determine suits for divorce and alimony depends upon and is limited by the statutes is not now an open question. [Chapman v. Chapman, 269 Mo. 663.] Because of such limitations a court in an action for divorce cannot decree to a wife as a part or all of her alimony specific personal property of the husband. [Aylor v. Aylor, 186 S. W. 1071.] For the same reason it cannot in such an action by its

*Jurisdiction.*

decree compel the relinquishment by the wife of her dower in her husband's lands. [Davison v. Davison, 207 Mo. 702; Scales v. Scales, 65 Mo. App. 292.] In an action for divorce where the court attempts to take into account, adjudicate and settle all questions of property rights, both present and inchoate, between the parties, it is not in so doing merely erroneously exercising jurisdiction, it is proceeding wholly without jurisdiction. It follows, therefore, that its judgment in such respect is void. The judgment in question, in so far as it attempts to vest title in the wife to the husband's specific personal property and cut off her dower is entirely beyond the scope of the pleadings and the relief prayed, and is for this additional reason void and open to collateral attack. It is necessary that a court have jurisdiction not only of the parties and the subject-matter, but it must also have jurisdiction to render the particular judgment in the particular case. [State ex rel. v. Muench, 217 Mo. 124; Charles v. White, 214 Mo. 187.]

II.   If it be conceded then that the judgment in the divorce case is void, is the respondent thereby estopped to claim dower? Ordinarily a void judgment cannot operate even as an estoppel. It has been said **Estoppel.** that it is for all purposes a nullity, just as ineffectual as though it had never been rendered. It would no doubt be true, that if the court in a given case after decreeing divorce and awarding alimony in gross were to add that such alimony should be in lieu of dower, the wife might safely ignore the unauthorized addenda and accept the alimony without being put to her election. The judgment to the extent that it granted the divorce and awarded alimony would be valid, and the condition imposed would be entirely nugatory. In such case the wife would be entitled to the alimony as a matter of absolute right without restriction of any kind, and there would be nothing inequitable in accepting and retaining it and rejecting the unwarranted limitation. In this case, however, the judgment goes further.

It decrees specific personal property of the husband to the wife, awards her a sum of money and adjudges that both shall be in lieu of dower and other right in the husband's property which shall thereafter be free from any claim on her part. The decreeing the husband's property to the wife, and the adjudging that it and the alimony shall be in lieu of dower, are but two mutually dependent features of a scheme that is an entirety. That scheme is an attempted adjustment and adjudication of the general property rights between the husband and wife growing out of the marital relation and for the reasons stated is invalid. So that the question is, can the wife accept and retain that part of the void judgment which is advantageous to her and repudiate the remainder?

When the respondent separated from her husband she took all his household goods and furniture and diamonds. The court in rendering judgment in the divorce case said to her in effect, I will award you alimony and you may also keep the personal property you have taken from your husband, which with the alimony is practically half of all he possesses, but upon the condition that you renounce all further claims to his property including your dower. She understood this and acquiesced as the trial court found. She kept and for aught that appears still has the property so adjudged her, but after the lapse of nine years, upon the death of her former husband, she would repudiate that part of the judgment that has become onerous. This she ought not be permitted to do. Having voluntarily accepted the privileges, benefits and fruits of the void decree she is estopped to dispute that part which debars her of dower. [Hamill v. Talbott, 81 Mo. App. 210; Richeson v. Simmons, 47 Mo. 20; Mohler v. Shank, 93 Iowa, 273; Marvin v. Foster, 61 Minn. 154.]

Other points have been raised by appellants, but it is unnecessary to consider them. Under the views

herein expressed the judgment below cannot stand and it is accordingly reversed. *Brown, C.,* dissents; *Small, C.,* concurs.

PER CURIAM.—The foregoing opinion of RAG-LAND, C., is adopted as the opinion of the court; *Blair P. J.,* and *Bond* and *Graves, JJ.,* concur; *Woodson, J.,* absent.