## RUBY C. WATTS v. HARDY C. WATTS, Plaintiff in Error.

Division Two, June 16, 1924.

1. **DIVORCE: Alimony: Vesting Title of Real Estate in Innocent Party.** Where the wife is granted a divorce, the court has no jurisdiction to award to her the husband's real or personal property, or to decree that his real estate be awarded to the wife,

Watts v. Watts.

and he be ordered to execute a conveyance to her, and that on his failure to do so the decree stand in lieu of said conveyance.

2. ———: ———: ———: **Statutes: Injunction.** Section 1806, Revised Statutes 1919, provides that when the wife is the plaintiff the court may grant such alimony and maintenance for her and her children as shall be reasonable, and "shall order defendant to give security for such alimony and maintenance," and should he neglect to give such security "may award an execution for the collection thereof, or enforce the performance of the judgment or order by sequestration of the property, or by such other lawful ways and means as is according to the practice of the court;" and Section 1807 provides that when alimony is decreed in gross, the decree shall be a general lien upon the realty of the party against whom the decree is rendered. *Held*, that neither of these sections authorizes the court to award to the wife the husband's household effects or other personal property, or to award to her his real estate and vest the title thereof in her. Nor has the court authority permanently to enjoin the husband from transferring his property.

3. ———: ———: ———: **Sequestration: Definition.** The word "sequestration" used in the statute (Sec. 1806, R. S. 1919) declaring that, where the court has granted the wife a divorce and allowed her alimony, and upon defendant's neglect to give security for its payment may "enforce the performance of the judgment or order by sequestration of property," means a setting apart of the property so that it may be subject to execution and payment of the judgment. It does not mean that the court can, instead of granting the wife monetary alimony, divest the title of the husband's real estate out of him and vest it in the wife.

4. ———: ———: ———: **Appellate Jurisdiction: Void Judgment: Cloud on Title.** Notwithstanding the judgment in the divorce case, which instead of awarding the wife alimony, attempted to transfer to the wife the husband's personal and real estate, is in that respect void, the Supreme Court has jurisdiction of an appeal from such judgment, since title to real estate is directly affected by it, and this court will entertain jurisdiction of a suit to remove a cloud upon a title fastened thereon by a void judgment, although a suit would not lie because there is no cloud. The fact that the alleged cloud is not a cloud does not give the Court of Appeals jurisdiction of an appeal from the judgment attempting, without authority or jurisdiction, to transfer the title, because the Supreme Court alone has jurisdiction to determine whether or not the title to real estate is clouded.

*Held*, by WALKER, J., that the judgment does not operate upon or affect the title to real estate, but in so far as it attempts to transfer title is wholly void, and no cloud is cast upon title by a void judgment, and therefore the Supreme Court has no jurisdiction.

Headnotes 1 to 3:   Divorce: 1, 19 C. J. sec. 770;   2, 19 C. J. secs. 715 (1926 Anno), 770;  3, 19 C. J. sec. 739 (1926 Anno).  Headnote 4: Courts, 15 C. J. sec. 513.

Transferred from Kansas City Court of Appeals.

JUDGMENT OF CIRCUIT COURT REVERSED AND CAUSE REMANDED (*with directions*).

*Hardin B. Manard* for plaintiff in error.

(1)   The trial court erred in vesting the title to the personal and real property of the plaintiff in error in the defendant in error, for the reason that said court was without jurisdiction or authority so to do.   Aylor v. Aylor, 186 S. W. 1071; Aylor v. Aylor, 170 S. W. 704; Fisher v. Fisher, 207 S. W. 263; Ecton v. Tomlinson, 278 Mo. 287; Chapman v. Chapman, 269 Mo. 669; 19 C. J. 331, sec. 770.   (2)   The trial court erred when it made the temporary restraining order theretofore issued and in force, permanent against plaintiff in error (defendant below), for the reason that said court was without jurisdiction so to do.   Authorities supra.

WHITE, J.—On May 31, 1921, in the Circuit Court of Jackson County, the defendant in error obtained a decree of divorce from the plaintiff in error.

The trial court found that the defendant in error, Ruby C. Watts, was the innocent and injured party: that there was born of the marriage one daughter who, at the time of the trial, was eight years of age; that the defendant in the divorce suit, Hardy C. Watts, owned real estate in Jackson County, Missouri, to-wit, Lot 9 in Block 2, in Mt. Evanston Addition, subject to the encumbrance of $800; and that the defendant also owned cer-

tain household goods and effects now located on the said real estate.

The judgment dissolved the bonds of matrimony theretofore contracted between the parties, and awarded permanent custody of the child to the plaintiff, decreed that all the household goods belonging to the plaintiff and defendant, or to either of them, excepting the wearing apparel of the defendant, be awarded to the plaintiff, free from all right, title and interest of the defendant; that the plaintiff be awarded, subject to existing liens and encumbrances, all the defendant's right, claim, title and estate in the said real estate, and the defendant be ordered and required to execute a conveyance of said real estate to the plaintiff, and on failure to do so that the decree stand in lieu of said conveyance.

Before the trial of the case the court issued a temporary restraining order restraining the plaintiff from disposing, or attempting to dispose, of any of the property, real or personal, mentioned in the plaintiff's petition, and later covered by the decree. In the decree this temporary restraining order was made permanent.

From that decree the defendant prosecuted his writ of error to the Kansas City Court of Appeals, and that court transferred the case to this court.

I.   Plaintiff in error assigns two errors:

First, that the court erred in attempting to vest in plaintiff the title to the personal and real property of defendant, and that the court was without jurisdiction to do so.

Second, the trial court erred in making permanent the temporary restraining order, theretofore issued.

The jurisdiction of the courts of this State to hear and determine suits for divorce and adjudge alimony depends upon and is limited by the statutes   [Chapman v. Chapman, 269 Mo. 663.]   The allowance of alimony on granting a decree of divorce to the wife is governed by Sections 1806, 1807, Revised Statutes 1919.

Section 1806 provides that when the wife is the plaintiff the court may grant such alimony and maintenance for the wife and children as shall be reasonable, and "order the defendant to give security for such alimony and maintenance," and should he neglect to give security "may award an execution for the collection thereof, or enforce the performance of the judgment or order by sequestration of the property, or by such other lawful ways and means as is according to the practice of the court."

Section 1807 provides that when alimony is decreed in gross the decree shall be a general lien upon the realty of the party against whom the decree is rendered, etc.

Nothing in these sections can be construed to give the court authority to divest the judgment defendant of his title to real or personal property, and vest the same in plaintiff. "Sequestration," as used in that section of the statute, means a setting apart of the property so that it may be subject to execution and payment of the judgment. Where decree of divorce is awarded to the wife the court is entirely without jurisdiction to vest in her, as a part of her alimony, the title to property real and personal owned by the husband. [Ecton v. Tomlinson, 278 Mo. 282, l. c. 287-288; Aylor v. Aylor, 186 S. W. 1071; Davison v. Davison, 207 Mo. 702.]

The judgment, therefore, is void so far as it attempts to effect that result. The trial court, also, had no authority permanently to enjoin the defendant from transferring his property.

II. It is claimed, that, because the judgment attempting to divest the title to the real estate is void, this court is without jurisdiction of the appeal. The title to real estate is directly affected by the judgment so as to give this court jurisdiction, although the judgment is void on its face. This is the court to determine the question whether the judgment, which in form transfers property from one party to another, has that effect. This

court will entertain jurisdiction of a suit to remove a cloud upon a title, where it is held that the suit would not lie because there was no cloud. [Clark v. Covenant Mutual Life Ins. Co., 52 Mo. 272; Hannibal & St. Joe Railroad Co. v. Nortoni, 154 Mo. 142; Bayless v. Gibbs, 251 Mo. 492; Senter v. Wisconsin Lumber Co., 255 Mo. 590.] The fact that the alleged cloud is not a cloud does not give the Court of Appeals jurisdiction of the appeal because this is the court to determine whether or not the title is clouded.

The defendant in error has filed no brief in this court. The plaintiff in error asks that so much of the decree as vests his title to real estate and personal property in the defendant in error, be declared void. The judgment, therefore, so far as it attempts to transfer the title of his property to his wife, is reversed.

No error is complained of affecting the merits of the case. The cause is remanded with directions to the court to proceed with the award of alimony according to the provisions of the statute as interpreted herein. *David E. Blair, P. J.,* concurs; *Walker, J.,* files separate opinion on jurisdiction.

WALKER, J.—As to jurisdiction: The appellate jurisdiction exercised by this court or by a majority of this division, is based upon a transfer by the Kansas City Court of Appeals for the alleged reason that title to real estate is involved.

After the trial court entered a decree of divorce for the plaintiff an attempted divestiture of defendant's title in certain real estate was added and an investiture of the same in the plaintiff.

I.   The solution of the question as to the legal propriety of this portion of the decree will be sufficient to enable it to be determined whether this court has jurisdiction. In the absence of an express statute, and our divorce law is, as to its letter, statutory (Chapman v.

Chapman, 269 Mo. 663), we conclude that the trial court's action must have been based upon a clause in Section 1806, Revised Statutes 1919, relating to the method prescribed for the enforcement of the collection of alimony and maintenance, to this effect that "an execution may be awarded for the collection of same or the judgment or order enforced by the sequestration of property," etc. While divestiture is not sequestration, the latter drastic method of the old chancery practice is the nearest approach to any semblance of authority for the trial court's action. It is pertinent, therefore, to ascertain whether there is any vitality left in this method of enforcing the court's judgments or orders which even in its flower could only be resorted to when authorized by the very letter of the law. [Beck v. Brady, 6 La. Ann. 444.] It flourished when imprisonment for debt was authorized, and faded when that method of breaking the spirit of the debtor ceased to exist, and statutes were enacted authorizing default judgments and the issuance of executions as methods milder in form and more effective in fact for the pecuniary enforcement of a court's decrees. Thus panoplied with these modern methods, neither reason nor necessity sanctions a resort to a procedure which bears any semblance to sequestration.

While we have not ruled on the particular point here in issue we held in Ecton v. Tomlinson, 278 Mo. 282, as definitive of the limits of a decree for divorce, that a trial court has no jurisdiction to conpel a wife to relinquish her inchoate dower in her husband's lands, and that a decree which attempts to adjudicate property rights, present and inchoate, by awarding to the wife certain personal property and money in lieu of dower, is void, as involving a proceeding wholly beyond the court's jurisdiction.

In Aylor v. Aylor, 186 S. W. (Mo.) 1068, we held in construing Section 1806, supra, that there is no authority in this State for decreeing to a wife specific personal property of the husband as a part or all of her alimony.

A like rule was announced in Fisher v. Fisher, 207 S. W. (Mo.) 261.

Even if it be conceded that the continued presence, by name of sequestration, in the statute is not utterly meaningless under modern methods of procedure, it cannot, as is here attempted, be made a part of a decree but can only be resorted to, as the section prescribes, as an alternative to an execution, "to enforce the performance of the judgment or order of the court." Whether, therefore, the trial court was but dimly conscious of the limits of a decree of divorce under our statute, or was so saturated with the black letter learning of the ecclesiastical courts where proceedings of the character under review had their origin, and hence concluded that sequestration was still an active instrumentality, is immaterial. Our jurisdiction on the ground that real estate is involved in the determination of this case does not exist in that the action of the trial court in regard thereto is void. The utter vacuity of this addendum to the decree, so far as it could in any wise affect the title to the defendant's real estate, is evident in its very words and a line to that effect by the Court of Appeals in the disposition of the case on the merits would have sufficed to settle that question without the delay incident to a transfer to this court.

We have repeatedly held that in order that real estate may be involved so as to give appellate jurisdiction to the Supreme Court the judgment sought or rendered must affect or operate on the title itself. [Mathews v. Hughes, 232 S. W. (Mo.) 99; Murphy v. Barron, 286 Mo. 390; Sikes v. Turner, 242 S. W. (Mo.) 940; Schroer v. Brooks, 224 S. W. (Mo.) 53; Heath v. Beck, 225 S. W. (Mo.) 993.]

I raise no question as to the correctness of the ruling of the majority on the merits. This is a matter I have not investigated; my purpose being simply to record my protest against this assumption of jurisdiction.