Angela M. SUMMERS, Appellant,

v.

John L. SUMMERS, Respondent.

No. WD 30727.

Missouri Court of Appeals,
Western District.

April 7, 1980.

Lee M. Nation, Kansas City, for appellant.

Robert E. Gregg, Kansas City, for respondent.

Before KENNEDY, P. J., and PRITCHARD and SWOFFORD, JJ.

KENNEDY, Presiding Judge.

Appellant Angela M. Summers filed a "Motion to modify decree by partitioning real property acquired during marriage". The prayer of the motion was that the court, by modification of a divorce decree, order sold a certain residence which had been acquired during the marriage of the parties, titled in the husband's name, and divide the proceeds between them.

Upon suggestions in opposition to the motion, and in support thereof, the trial court denied the petitioner's motion without an evidentiary hearing. From this order overruling her motion, the appellant wife appeals to this court.

We agree with the trial court and affirm the judgment denying appellant's motion to modify.

■ We treat as a summary judgment the court's order denying appellant's motion to partition the real property, since the trial court's ruling was based upon the motion itself along with the files and records of earlier proceedings in the case. *Brown v. Crow*, 564 S.W.2d 599 (Mo.App.1978); *Kelley v. Schnebelen*, 545 S.W.2d 332, 334 (Mo. App.1976); Rule 55.27(a).

The original decree of divorce between the parties was granted June 22, 1961. The decree dissolved the marriage of the parties, gave the custody of two minor children to the wife. The portion of the decree which gives rise to plaintiff's claim upon the residence reads as follows: ". . . And the additional sum of $5.00 per week in the form of alimony to the plaintiff, said payments to be made bi-monthly to the plaintiff commencing as of this date and until further order of the court, or so long as plaintiff shall choose to remain in the home owned by the defendant and furnished to plaintiff, located at 7615 East 48th Street, Kansas City, Missouri. It is further ordered, adjudged and decreed by the court that defendant will remove himself and his personal effects from said home within a reasonable time following the taking up of residency there by the plaintiff for herself and said two minor children."

By order dated August 15, 1973, the decree was modified to give the custody of the minor children to the defendant, increasing alimony to $100 per month for three months, and reducing it thereafter to $1.00 per month.

Respondent's brief tells us that on July 30, 1973, Angela had vacated the home, but there is no evidence on that point at all.

Appellant's motion, read in connection with her suggestions in support thereof, filed in the trial court, and her brief filed in this court, make it clear that she claims an interest in the property based upon the 1961 divorce decree, not upon some equitable

claim to the property which arose before or after the decree. Her motion describes her interest in the property as "an equitable right as tenant in common" but her brief in this court describes it as "a legal and equitable life estate". If it were the former, the appropriate partition statute would be § 528.010, RSMo 1978. If it were the latter, § 528.030 would be the appropriate statute.

Contrary to appellant's contention, the decree did not purport to vest in her any interest in the real estate. It only recognized some voluntary arrangement between the parties by which appellant was to continue to live in the house owned by the respondent. The operative part of the judgment was that part which awarded to the appellant alimony in the sum of $5.00 per week for so long as that arrangement continued. It did not operate to transfer any title to the real estate.

Should the decree be interpreted as undertaking to transfer to appellant some right, title or interest in the home, it would have been to that extent a nullity. Before our present Dissolution of Marriage Code, § 452.300 et seq., RSMo 1978, which became effective January 1, 1974, and as the law existed in 1961 when the present decree was made, the court was without jurisdiction to transfer specific property from one spouse to the other in a divorce case. The court had jurisdiction only to give a money judgment for alimony. Any decree which attempted to transfer to the wife the right to live in the house belonging to the husband would have been beyond the court's power, void and not merely voidable, and subject to collateral attack. *Watts v. Watts*, 304 Mo. 361, 263 S.W. 421 (1924); *Ecton v. Tomlinson*, 278 Mo. 282, 212 S.W. 865 (1919); *Rutlader v. Rutlader*, 411 S.W.2d 826, 831 (Mo. App.1967); *Shreffler v. Shreffler*, 31 S.W.2d 277 (Mo.App.1930).

Since the decree gave appellant no right, title or interest in the real estate, she was not entitled to the relief requested in her motion, to wit, a sale in partition. § 528.-010, § 528.030, RSMo 1978.

The judgment is affirmed.

All concur.