ELIZABETH J. BURNSIDE, Respondent, v. THOMAS WAND, Appellant.

St. Louis Court of Appeals, December 13, 1898.

Alimony: ORDER FOR SECURITY AT A SUBSEQUENT TERM. It is an unreasonable construction of our statute on alimony that the court is confined to a modification of the order as to the amount of the alimony, and is powerless to enforce its payment or security by all statutory methods.

*Appeal from the St. Louis City Circuit Court.*—HON. JAMES E. WITHROW, Judge.

AFFIRMED.

JOHN A. GILLIAM for respondent.

The circuit court had full power under the statute, as well as by express reservation in the decree, to modify the alimony order. It is the policy of the law in this state to keep the question of alimony and custody of children at all times within the control of the court. Section 4505, Revised Statutes, provides that when a divorce shall be adjudged, the court shall make such order touching the alimony and maintenance of the wife, and care, custody and maintenance of the children, or any of them, as from the circumstances of the parties and nature of the case shall be reasonable, and when the wife is plaintiff may order the defendant to give security for such alimony or maintenance and may enforce the performance of the judgment or order by sequestration of property or by such other lawful ways and means as is according to the practice of the court. The court, on the application of either party, may make such alteration from time to

time, as to the allowance of alimony and maintenance as may be proper. This section and 4506 and 4511, in the same chapter on divorce, are to be read together, and construed as together expressing the intent of the law-making power. Section 4506 provides, "in lieu of the lien of such decree for alimony from year to year, it is hereby provided that the party against whom such decree may be rendered, shall be required to give security ample and sufficient for such alimony, but where default has been made in giving such security, the decree for alimony from year to year shall be a lien as in case of general judgments. Section 4511 provides that there may be a review of any order or judgment touching the alimony and maintenance of the wife, and the care, custody and maintenance of the children or any of them as in other cases. * * * The rights of the children being inseparably connected with the rights of the mother, the court's order was properly made to cover them all. And when support money is ordered payable to the mother, she being given custody of the children, and the husband regularly and promptly pays it, no one can sustain any claim against him for necessaries furnished the child. 2 Bishop Mar., Div. & Sep., secs. 1219 and 838. Alimony from month to month is alimony from year to year. Merrick v. Merrick, 5 Mo. App. 123; Wagner v. Wagner, 6 Mo. App. 572. There was a good consideration for this bond aside from the power of the court to require it. The bond itself imports a consideration. Revised Statutes 1889, sec. 2389. It being a doubtful question as to the original decree being a lien on Burnside's land, and this bond settling that and absolutely relieving the land, it could be upheld as a compromise of a doubtful right. Livingston v. Dugan, 20 Mo. 102. It provided for the support of Burnside's wife, and his children, for which he was at all times liable, and

relieved him when performed from any claim by other persons than his wife, thus making a valuable consideration to Burnside, and, of course, to his surety, Wand. 2 Bishop Mar., Div. & Sep., sec. 1219. A bond not good as a statutory bond, being voluntarily given, but not against the policy of the law is good as a common law bond. Lane v. Casey, 1 Metc. (Ky.) 410; Rowlet v. Eubank, 1 Busk (Ky.), 477; Barnes v. Webster, 16 Mo. 258. And is good although there may have been irregularities in the proceedings. Bunneman v. Warner, 18 Pac. Rep. 841, and cases cited; Williams v. Coleman, 49 Mo. 325. By statute and by the decree the question of alimony and maintenance was left in the jurisdiction of the court, and its proceedings unappealed from are valid, however erroneous they might have been. Hukm Chand. Res. Ind. [1 Ed.], sec. 184, p. 457 *et seq.*, and sec. 189, p. 473 *et seq.*; Merrick v. Merrick, 5 Mo. App. 123; Anderson v. Anderson, 55 Mo. App. loc. cit. 273-274. It is the general rule in divorce cases to keep within the control of the court the alimony and maintenance, and the court may vary and modify such orders at discretion. 2 Bishop Mar. Div. and Sep. [1 Ed.], sec. 1218; Kerr v. Kerr, 9 Daly, 517; Reid v. Reid, 74 Iowa, 681; Snover v. Snover, 2 Beasley (13 N. J. Eq.), 261. In the Snover case it was stated by the court that if securities then held by the court were released, there would be no way of compelling the support of the child. That was the reverse of our case, for by plain inadvertence no security had been required, it was doubtful if any lien on real estate had been acquired, defendant had been very slow in his payments, and was then in default with the March payment; it therefore became necessary to get security. In that case petition in the case was held the proper course. In Reid v. Reid, *supra*, an independent suit was held improper. In Kerr

v. Kerr, *supra*, the motion was to decrease wife's allowance because of children attaining majority. Held, that the motion was proper and that the court had before it all the evidence taken in the original divorce case which became a part of the records of the court. loc. cit. 521. The courts may order a reduction of alimony on remarriage. 2 Bishop Mar., Div. & Sep. [1 Ed.], sec. 1058. The court has a continuing jurisdiction and control over the parties and subject-matter of alimony and maintenance, and may modify its orders at any time. Stetson v. Stetson, 15 Atl. Rep. (Me.) 60; Park v. Park, 80 N. Y. 156; Rogers v. Rogers, 51 Ill. App. 683.

CHESTER H. KRUM for appellant.

The propriety of the judgment entered by the trial court depends upon one question. At the June term, 1894, of the circuit court, city of St. Louis, the respondent obtained a decree of divorce from her then husband, James Burnside. Certain real estate and personalty were decreed by way of alimony to the respondent during her life. She was awarded $150, for which execution was ordered. It was further adjudged that for the maintenance of respondent and her children, the sum of $50 per month should be paid to her by the then defendant; that she have execution therefor, "the said provision for monthly alimony and maintenance being subject, however, to be modified by the court hereafter on proper showing." At the February term, 1895, the order was entered which required the then defendant to give the bond now sued upon. The situation then is, that the respondent sues on bond required to be given by order of court. As it is not a voluntary bond its validity depends upon the

jurisdiction to require it to be given. The appellant contends that it is void, because the court had no jurisdiction to make the order under which the bond was given. *First.* Section 4505, Revised Statutes, covers orders "touching alimony," when a decree of divorce is adjudged. (*a*) The court shall make such order as shall be reasonable, and when wife is plaintiff may order defendant to give security. (*b*) In default of security, etc., may order execution, etc. (*c*) Court, on application, "may make such alterations from time to time, as to the allowance of alimony and maintenance as may be proper." Consequences under section: *First.* Jurisdiction to order security limited to term when divorce adjudged. *Second.* Jurisdiction to alter allowance and maintenance may be exercised at subsequent term, or from "time to time." Here decree divorce adjudged June 5, 1894. Order requiring bond entered March 29, 1895. The reservation by the court of jurisdiction to modify allowance is no greater or broader than the statute, even if it be conceded that the court could reserve any powers not conferred by the statute. The petition shows that the court did not undertake to modify the allowance, but at a subsequent term made a new order in a cause already determined, and affecting a person not a party to such cause. It is manifest, therefore, that no jurisdiction was had by virtue of section 4505. *Second.* Section 4506 covers decrees of alimony and security for payment of alimony as decreed. (*a*) Decree of alimony may be in gross or from year to year. Here decree is from month to month, not from year to year, payable quarterly or monthly, but from month to month. Decree does not conform to statute at all. (*b*) Alimony in gross constitutes a general lien. (*c*) Alimony from year to year a lien when execution in hands of sheriff. (*d*) In lieu of lien defendant shall give security; in default, lien as in case of

general judgment. Consequences under section: *First.* Jurisdiction limited to allowance from year to year. *Second.* Security can be required only as indicated by statute. Hence there is no jurisdiction under section 4506. The reservation of jurisdiction to modify allowance does not make a case under 4506 which satisfies its conditions. The order requiring security should have been made at the term, when the divorce was adjudged. No adjudication to the contrary of these propositions can be successfully invoked. Wright v. Wright, 43 N. W. Rep. 145, cited below has no application, because the statutes of Wisconsin provide that the court may, from time to time revise and alter the judgment of alimony and "make any judgment respecting any of said matters which such court might have made in the original action." See note to Blake v. Blake, 43 N. W. Rep. 144. It seems to be clear that the judgment should be reversed.

BIGGS, J.—The plaintiff herein obtained a decree of divorce from her husband James Burnside at the June term, 1894, of the circuit court of the city of St. Louis. The portion of the decree as to alimony is as follows: "And it is further ordered, adjudged and decreed by the court, that for the alimony and maintenance of Elizabeth J. Burnside, and the maintenance of said minor children, the sum of fifty dollars per month is to be paid by the said James Burnside to the said Elizabeth J. Burnside on the first day of each month, the first payment to be due and payable on July 1st, 1894, and fifty dollars to be due and payable on the first day of each month thereafter, and that she have execution therefor, the said provision for monthly alimony and maintenance being subject however to be modified by the court hereafter, on proper showing." It will be observed that the decree provided for execution

for the instalments of alimony, but it did not require Burnside to give security therefor as might have been done. (R. S. 1889, sec. 4505 and 4506.) In February, 1895, Burnside being in arrears in the payment of alimony, the plaintiff on motion and notice in the original suit moved the court to require him to give security for its payment. The circuit court sustained the motion and required Burnside to enter into a bond in the penal sum of $6,000, conditioned for the payment thereafter of the alimony according to the terms of the original decree. The bond was given and the defendant herein signed it as surety. The present action is on the bond, the plaintiff alleging a failure on the part of Burnside to pay several instalments of alimony. On the trial the defendant objected to the admission of any testimony, for the alleged reason that the bond was given without warrant of law, in that the circuit court had no right at a subsequent term to change or modify the original decree for alimony, so as to require security for its payment. This objection was overruled and the defendant excepted. The judgment was for the plaintiff and the defendant has appealed.

The exception stated above presents the only question for review.

It is conceded that the circuit court at a subsequent term had power to alter or modify the decree as to the amount of the alimony or the manner or time of its payment, but it is asserted by appellant that the court had no authority to require security for its payment. From this promise counsel argues that the bond in suit is a nullity.

After providing for the allowance of alimony for the wife and that the court might require the husband to give security for its payment, the last paragraph in section 4505, *supra*, reads as follows: "The court, on the application of either party, may make such alteration,

from time to time, as to the allowance of alimony and maintenance, as may be proper, and the court may decree alimony pending the suit for divorce in all cases where the same would be just, whether the wife be plaintiff or defendant, and enforce such order in the manner provided by law in the other cases." The succeeding section (4506) states that when the decree for alimony is from year to year, such decree shall not be a lien on the real estate of the husband, but that an execution therefor will be, so long as it lawfully remains in the hands of the officer. Then this follows: "In lieu of the lien of such decree for alimony from year to year, it is hereby provided that the party against whom such decree may be rendered shall be required to give security ample and sufficient for such alimony; but where default has been made in giving such security, the decree for alimony from year to year shall be a lien as in case of general judgments." The only other section having any bearing on the question presented is 4511, which reads: "No petition for review of any judgment for divorce, rendered in any case arising under this chapter, shall be allowed, any law or statute to the contrary notwithstanding, but there may be a review of any order or judgment touching the alimony and maintenance of the wife, and the care, custody and maintenance of the children, or any of them, as in other cases." The only case cited in which the question here was under consideration is that of Wright v. Wright, decided by the supreme court of Wisconsin, and reported in the 43 N. W. Rep. 145. There it was held substantially that under the Wisconsin statute subjecting a judgment for alimony to the continuing power of the court, though the original judgment of divorce did not provide for security for the alimony, the same might be required by the court at any time thereafter. The Wisconsin statute provides

for security for alimony, and the section providing for subsequent revisions of decrees as to alimony is substantially in the language of our statute except it contains the additional clause that the court "may make any judgment respecting any of the said matters which such court might have made in the original action." (Section 2369, Revised Statutes of Wisconsin, 1889). Under this statute the right of the court to require security at any time can not be questioned. The clause quoted puts the matter beyond controversy. We think, however, that a fair and liberal construction of our statute must lead to the same conclusion. It seems to us to be an unreasonable construction that the court is confined to a modification of the order as to the amount of the alimony, and is powerless to enforce its payment or security by all statutory methods. Suppose the original decree failed to provide for an execution in the event the alimony was not paid, is it possible that the court at a subsequent term could not so provide by a supplemental order? We therefore conclude that the circuit court had the authority to require Burnside to give the bond, and therefore the defendant's exception must be overruled. It is suggested that the bond is good as a common law bond. Under our view it is not necessary to decide that question. As there is no dispute as to the execution of the bond or as to the alleged breaches of its conditions, the judgment of the circuit court will be affirmed.

All concur.