Ethel E. MANGOLD, Respondent,

v.

John J. MANGOLD, Appellant.

No. 22407.

Kansas City Court of Appeals.

Missouri.

Oct. 1, 1956.

Donald B. Clark, Kansas City, for appellant.

John S. Newhouse, Independence, for respondent.

SPERRY, Commissioner.

This is an appeal by defendant from an order requiring him to make bond securing payment to plaintiff of future installments of support money for a child. Defendant challenges the legality of the order.

Plaintiff, Ethel E. Mangold and defendant, John J. Mangold, were married in Kansas, in 1943. A child was born of the marriage and, May 11, 1944, defendant (in the instant action) was granted a decree of divorce in the District Court of Geary County, Kansas. The decree is silent as to alimony but plaintiff here, defendant in the divorce case, was granted custody of the child and defendant herein was ordered to pay to the clerk of the court, $50 per month for the child's support. Plaintiff now lives in Minnesota, the child resides with his mother's parents, in Kansas, and defendant is a resident of Jackson County, Missouri.

The above judgment was duly registered in the circuit court of Jackson County, Missouri, in accordance with the provisions of Laws Missouri, 1951, pages 358-361, the Uniform Enforcement of Foreign Judgments Act, Section 511.760 RSMo 1949, V.A.M.S. Thereafter, the court ordered defendant to post bond in the amount of $500 for future payment of the monthly installments of $50 each.

Section 7 of the above Act provides, in part, as follows: " * * * the registered judgment shall become a final personal judgment *of the court in which it is registered.*" (Italics ours.) In view of the enactment of the above statute, what this court said in the case of Harrington v. Harrington, 233 Mo.App. 390, 121 S.W.2d 291, relied on by defendant herein, has no application in this case involving, as it does, a foreign judgment duly registered in accordance with the provisions of the statute. That judgment is now the judgment of the circuit court of Jackson County, Missouri, as fully as though it had been rendered by said court in a proceeding originating in that court; and it may be enforced in the same manner as any other like judgment may be enforced under Missouri law and procedure.

It remains to determine whether the court had the power to compel plaintiff-husband to give bond or security for the payment of money to his wife for support of a child. The question is: Had the Jackson County circuit court actually rendered, in an original proceeding before it, the judgment that the Kansas court did render, could the Missouri court have legally made the order here involved?

Section 452.070 RSMo 1949, has been a part of our statutory law since its original enactment in 1807. See page 266, Vol. 24 V.A.M.S. That section provides that, when a divorce is granted, the court may make orders touching alimony and maintenance of the wife, and the care, custody and maintenance of the children and "when the wife is plaintiff, may order the defendant to give security for such alimony and maintenance". (Italics ours.)

The language of this statute clearly indicates a legislative intent to limit the power of the court to require posting of security to secure payment of alimony or maintenance in a divorce action, to cases where the wife is plaintiff or is the successful party in a cross-bill in the proceeding. (See Section 452.020.) In the instant case the husband was plaintiff and was granted the decree, and the court found that the wife "was guilty of fraudulent contract at the time of the marriage, and since said marriage has been guilty of gross neglect of duty and extreme cruelty * * *." Under the situation and facts here shown a Missouri court had no authority, based on the statute, to make an order requiring the posting of security for payment of monthly sums as maintenance.

However, plaintiff urges that the court has sufficient equity power, aside from any statutory provision, to require the posting of security by the father for payment of maintenance and support money for a child. She cites and relies on Burnside v. Wand, 77 Mo.App. 382. That decision, so the court there said, was based on a construction of Section 452.070, supra, then Sections 4505, 4506, R.S.Mo.1889. The case is no authority for plaintiff's contention, here made, that the court has general *equity* power to require security for payment of maintenance and support.

She also relies on State ex rel. Couplin v. Hostetter, 344 Mo. 770, 129 S.W.2d 1. The opinion in that case was prepared by the learned Judge Douglas and constitutes an excellent treatise on the origin and development of the law on divorce and alimony. It is there said, 129 S.W.2d at page 3, that, by the terms of Section 452.070, supra, it was "probably intended" that the court should have the full power of equity to enforce its decree. He pointed out that the remedy of sequestration, there given, is no longer used because that process could not issue until the person failing to comply with the order of the court was put in contempt and imprisoned.

In this country the laws and procedure governing divorce and alimony have traditionally been prescribed by statute. Judge Douglas said, in the last cited case, 129 S.W.2d at page 2, "While divorce is statutory in this country, where *not otherwise provided by statute* our courts generally

follow rules of equity and apply equitable principles." (Italics ours.) Our statutes provide a method whereby payment of alimony and maintenance may be secured. We have not been cited to a single Missouri case, nor have we ourselves found one, where the statute has been ignored and the court has proceeded on the theory that it had general power to require security, regardless of the statute. We consider that to be an indication that our courts have not thought they had such power, in view of the fact that the subject is covered by statute. We are not here considering the use of equitable remedies not prescribed or limited by statute, such as have been discussed in some cases.

For a century and a half the statute has provided this remedy, but it has limited its use to certain specific conditions. We are unwilling to say that the legislature is powerless to limit the use of the remedy herein discussed.

Other questions may occur in this case but their consideration is not material to a disposition of the case and we have only discussed such issues as we deem to be decisive of this case.

The judgment should be reversed.

BOUR, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment is reversed. All concur.