Gilford GLEGHORN, Plaintiff-Respondent,

v.

Annie GLEGHORN, Defendant-Appellant.

No. 34169.

Missouri Court of Appeals, St. Louis District.

May 23, 1972.

White, White, White & Newmark, Philip R. Newmark, St. Louis, for defendant-appellant.

Ronald M. Lending, St. Louis, for plaintiff-respondent.

ROBERT LEE CAMPBELL, Special Judge.

Plaintiff husband filed suit for divorce against defendant wife alleging general indignities, and defendant wife filed a cross-bill also alleging general indignities. The Court granted plaintiff a decree of divorce and awarded custody of the five children to defendant. Defendant appeals. For the sake of clarity, we will refer to the parties by their designation in the trial Court.

Defendant raises two issues on appeal. Defendant contends that the Court erred in proceeding to trial when plaintiff was in arrears in the payment of child support and alimony awarded pendente lite. Defendant further contends that the Court erred in granting a decree of divorce to plaintiff because the evidence was insufficient to establish general indignities and that the indignities were provoked by plaintiff. We will discuss these issues in reverse order, and further facts will be developed as necessary in the opinion.

■ In a divorce action we review all the evidence and reach our own conclusion as to the proper judgment to be entered, giving due regard to the opportunity of the trial Court to judge the credibility of the witnesses. Boyd v. Boyd, Mo.App., 459 S.W.2d 8.

Plaintiff testified that defendant was always quarrelsome, was argumentative all the time, called him names, spent money foolishly, falsely accused him of associating with other women, and criticized his friends to such extent that his friends wouldn't come to the house. Defendant testified that plaintiff started staying out late, telling her it was none of her business where he had been, and that women began calling the house. Defendant admitted that she argued with plaintiff "numerous times", and admitted that she accused him of going out with other women. Plaintiff denied associating with other women. He only admitted to women being present on occasion when he would stop for a beer after work and to borrowing a lady's car or taking her shopping. Plaintiff did not own an automobile.

■ The trial Court obviously believed plaintiff and disbelieved defendant. The record supports the judgment of the trial Court and leads us to the same conclusion, that plaintiff was the innocent and injured party and entitled to a decree of divorce. It would serve no useful purpose to extend this opinion by distinguishing the factual situations involved in each of the cases cited by defendant. For example, see Moore v. Moore, Mo.App., 337 S.W.2d 781. Each case must be determined by the facts thereof. One case cited by defendant, Ashburn v. Ashburn, 101 Mo.App. 365, 74 S.W. 394, is authority for granting a divorce to plaintiff in this case. The trial Court was correct in granting a decree of divorce to plaintiff.

■ Defendant contends that the trial Court abused its discretion by proceeding to trial at a time when plaintiff was admittedly $600.00 (or $978.00 according to defendant) in arrears on payment of temporary alimony and child support. Defendant cites Waters v. Waters, 49 Mo. 385, and State ex rel. Couplin v. Hostetter, 344 Mo. 770, 129 S.W.2d 1.

On May 28, 1970 defendant's motion pendente lite was sustained, and she was awarded $50.00 per month for temporary alimony, $350.00 for attorney fees on account, and $300.00 per month for child support for the five children. At that time plaintiff was employed by the United States Post Office earning $495.00 per

month take home pay. Plaintiff also held a part-time job, but the record is silent as to his earnings from part-time employment. Plaintiff lost his part-time employment about July 1, 1970, when the owner sold the package liquor store where he was employed. Plaintiff paid the pendente lite award until such time and testified that he thereafter paid $250.00 per month until the time of trial. No motion was filed by plaintiff at such time to modify the pendente lite award. After trial, the Court awarded defendant $12.00 per week per child for child support, which would total $260.00 per month.

■ The record discloses that in addition to the temporary alimony and child support paid by plaintiff, he paid a former attorney $50.00, his present attorney $350.-00, and his wife's attorney $350.00. Plaintiff owed approximately $1,250.00 to his credit union, a furniture store, and a clothing store. Plaintiff had attempted to find another part-time job but had been unable to do so. The record discloses that plaintiff was substantially in compliance with the pendente lite order, and the final award after trial on the merits was more consistent with plaintiff's ability to pay. Under these circumstances, the trial Court clearly did not abuse its discretion by proceeding to trial.

■ Defendant is correct in asserting that the *Waters* and *Couplin* cases, supra, authorize the trial Court, or this Court to withhold the granting of a decree of divorce until such time as plaintiff complies with all prior court orders. The trial Court exercised its discretion and chose not to make the decree conditional upon payment by plaintiff of arrearages. We cannot say that the trial Court was clearly erroneous in rendering a decree without attaching such a condition. We also choose not to attach conditions to the decree in this case. The judgment is affirmed.

BRADY, C. J., and DOWD, J., concur.