**Ruth Elizabeth ZIRUL, Respondent,**

**v.**

**Elias E. ZIRUL, Appellant.**

**No. WD 34510.**

Missouri Court of Appeals, Western District.

April 17, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied May 29, 1984.

Application to Transfer Denied July 17, 1984.

David M. Harding, Jeffrey S. Bay, Van Osdol, Magruder, Erickson & Redmond, Kansas City, for appellant.

Michael C. McCormick, McCormick & Logan, Lee's Summit, for respondent.

Before SOMERVILLE, P.J., and NUGENT and LOWENSTEIN, JJ.

SOMERVILLE, Presiding Judge.

Appellant's (hereinafter husband) motion to modify the alimony provisions of a Kansas divorce decree in the Circuit Court of Jackson County, Missouri, was dismissed on motion of respondent (hereinafter wife) and the husband has appealed.

The apical issue on appeal is whether Missouri (the forum state) is precluded from modifying the alimony provisions of a Kansas (state of rendition) divorce decree by reason of U.S. Const. Art. IV, § 1, popularly referred to as the "full faith and credit clause." A compendium of prior procedural events, both in Kansas and Missouri, is necessary to place this issue in proper focus for disposition.

On May 13, 1971, the District Court of Johnson County, Kansas, entered a decree of divorce dissolving the bonds of matrimony existing between the wife and husband. There were no children born of the marriage. Both parties were residents of the State of Kansas at the time and represented by counsel. Jurisdiction of the District Court of Johnson County, Kansas, both

over the parties and the subject matter, has never been questioned.

In anticipation of the divorce, a "Property Settlement Agreement" was entered into between the wife and husband on April 2, 1971, which, inter alia, contained a provision for the payment of permanent alimony in a fixed monthly sum by the husband to the wife, which was found by the District Court of Johnson County, Kansas, to be "fair and equitable", and approved, and the terms thereof were "incorporated in", made a "part" of, and "merged in" the decree of divorce. The settlement agreement contained no provisions for modification. Kan.Stat.Ann. § 60–1610(d) (1965)[1] provided, in part, that "[m]atters, settled by such an agreement, other than matters pertaining to the custody, support, or education of the minor children, shall not be subject to subsequent modification by the court except as the agreement itself may prescribe or the parties may subsequently consent." The husband admits that by reason of the aforesaid statutory provision, and Kansas case law, *Alley v. Alley*, 4 Kan.App.2d 109, 603 P.2d 215, 216 (1979), the Kansas divorce decree was not subject to modification in the state of rendition.

Following the divorce, the wife and husband moved from the State of Kansas. The husband became a resident of Jackson County, Missouri, and the wife became a resident of the State of Florida. Subsequently, the monthly alimony payments fell into arrears, thereby prompting the wife to petition the Circuit Court of Jackson County, Missouri, pursuant to § 511.760, RSMo 1978 and Rule 74.79, for registration of the Kansas divorce decree. A final order of registration of the Kansas divorce decree was entered by the Circuit Court of Jackson County, Missouri, on January 27, 1982. No appeal was taken by the husband therefrom.

The husband paid the monthly alimony payments which were in arrears, and, on August 19, 1982, filed a "Motion to Modify Decree of Divorce". His motion carried

[1]. Now Kan.Stat.Ann. § 60–1610(b)(3) (1983).

the same case heading and number as the registration of foreign judgment proceeding, thus accounting for the caption and alignment of the parties in the instant matter on appeal. Service of the motion on the wife in Florida was obtained pursuant to Rule 54.14.

Within due time the wife, in response to the husband's motion for modification, filed what was captioned "Motion To Dismiss For Lack Of Jurisdiction". The gist of the wife's "Motion To Dismiss For Lack Of Jurisdiction", if correctly perceived by this court, being that the Circuit Court of Jackson County lacked "jurisdiction" in the sense that the Kansas decree of divorce was immune from modification in Missouri, the forum state, under the "full faith and credit clause", as it was not subject to modification in Kansas, the state of rendition. The Circuit Court of Jackson County sustained the wife's motion to dismiss and, accordingly, entered an order dismissing the husband's "Motion To Modify Decree Of Divorce As To Maintenance", from which order the husband appealed.

The husband advances two arguments in a single point on appeal as bases for reversal: (1) registration of the Kansas decree in Missouri by the wife converted the Kansas decree into a Missouri decree for all purposes, including modification in accordance with and pursuant to Missouri law; and (2) Missouri, the forum state, had a legitimate public interest in entertaining the husband's motion for modification of the alimony provision of the Kansas divorce decree by reason of the fact that the husband was a resident of Missouri, thereby removing the Kansas divorce decree from the purview of the "full faith and credit clause" of the Federal Constitution.

As noted in *Yarborough v. Yarborough*, 290 U.S. 202, 212–13, 54 S.Ct. 181, 185–86, 78 L.Ed. 269 (1933), "[i]t was settled by *Sistare v. Sistare*, 218 U.S. 1, 30 S.Ct. 682, 54 L.Ed. 905, 28 L.R.A. (N.S.) 1068, 20 Ann.Cas. 1061, that the full faith and credit clause applies to an unalterable decree of alimony for a divorced wife." Notwithstanding, the husband advances the tenu-

ous argument that registration of the Kansas divorce decree in Missouri by the wife converted it into a Missouri decree for all purposes, thereby making it subject to modification into the law of Missouri, the forum state, even though not subject to modification in Kansas, the state of rendition. In support of his position, the husband relies on the following excerpt from *Mangold v. Mangold*, 294 S.W.2d 368, 369 (Mo.App.1956): "[A] foreign judgment duly registered in accordance with the provisions of the statute ... *is now the judgment of the circuit court of Jackson County, Missouri, as fully as though it had been rendered by said court in a proceeding originating in that court;* and it may be enforced in the same manner as any other like judgment may be enforced under Missouri law and procedure." (emphasis added)

In *Mangold*, a Kansas divorce decree was registered by the wife as a judgment in Missouri in accordance with the provisions of the statute for registration and enforcement of foreign judgments. Modification of the Kansas divorce decree was in no way involved. The sole issue on appeal in *Mangold* was whether Missouri or Kansas procedural law applied regarding enforcement of the judgment in Missouri. *Mangold* held that Missouri procedural law applied. The husband in the instant case seizes upon the language emphasized in the excerpt quoted from *Mangold* as judicially holding that registration of a foreign judgment in Missouri ipso facto converts the same into a Missouri judgment for all intents and purposes as if originally entered in Missouri. Building from there, the husband argues that under Missouri statutory and case law, citing § 452.110, RSMo 1978, and *Whitworth v. Whitworth*, 559 S.W.2d 292 (Mo.App.1977), the alimony provision of the Kansas divorce decree in question was amenable to modification. It is unnecessary to decide whether Missouri statutory and case law would sanction modification of the alimony provisions of the decree of divorce in question if included in a decree originating and culminating in a court of this state. Suffice it to say, the husband

has taken the emphasized language in *Mangold* out of context and given it a tortured and expansive meaning which was never intended. The court in *Mangold* was addressing the foreign judgment in terms of being a "judgment" of the Circuit Court of Jackson County "as fully as though it had been rendered by said court in a proceeding originating in that court" in the sense or context that for purposes of enforcement it had all the attributes of an original judgment of that court. This view is entirely consistent with the legislative intent in enacting § 511.760, supra, captioned "Uniform enforcement of foreign judgments law", as judicially ascertained in *Corning Truck & Radiator Service v. J.W.M., Inc.*, 542 S.W.2d 520, 525 (Mo.App. 1976): "We believe that it is clear that in enacting the law the legislature intended to afford judgment creditors an alternative and summary method of enforcing judgments of foreign forums which were entitled to full faith and credit under the Federal Constitution in addition to that already available by a suit on the foreign judgment in the nature of a suit on a debt as had been the practice in Missouri."

▮▮▮ The strained construction which the husband attempts to attach to the emphasized language from *Mangold* would emasculate both the clear legislative intent in enacting § 511.760, supra, and the mandate of the full faith and credit clause of the Federal Constitution. Concomitantly, registration of the Kansas divorce decree in Missouri did not, as summarily concluded by the husband, result in merger of the Kansas divorce decree into the Missouri order of registration for all purposes and supplant or divest the Kansas divorce decree of continuing force and effect. The theory that a foreign judgment is merged in a judgment obtained in another state so as to render the foreign judgment of no further force or effect is rejected. As noted in *Wolford v. Scarbrough*, 224 Mo.App. 137, 21 S.W.2d 777, 781 (1929), "[b]y the clear weight of authority a judgment of a court of one state is not merged in a judgment entered upon it by the court of another state." See generally Annot., 44 A.L.R. 457, at p. 462 (1926).

The focus of this opinion now shifts to the husband's alternate contention that his residency in Missouri gives this state a legitimate public interest of such overriding magnitude that its right to entertain the motion to modify cannot be thwarted by the full faith and credit clause. The husband relies on *Thompson v. Thompson*, 645 S.W.2d 79 (Mo.App.1982) as support for this contention. His reliance thereon is misplaced. In *Thompson*, the wife was granted a divorce in Kansas. The decree awarded her custody of the three minor children born of the marriage and provided for monthly payments for their support by the husband. Under Kansas law the child support payments ceased when the children attained the age of eighteen. Following the divorce, the husband, wife and children left Kansas and all became residents of Missouri. Thereafter, the wife petitioned the Circuit Court of Jackson County to modify the Kansas divorce decree by extending the husband's obligation to make support payments until the children reached the age of twenty-one in accordance with Missouri law. The Circuit Court of Jackson County, Missouri, modified the Kansas decree as requested by the wife and the husband appealed. The husband contended on appeal that the trial court's application of Missouri rather than Kansas law with respect to when the children attained majority offended the full faith and credit clause.

On appeal the court in *Thompson* took cognizance of the question re the full faith and credit clause reserved for consideration by the Supreme Court in *Yarborough v. Yarborough*, supra, 290 U.S. at 213, 54 S.Ct. at 185, i.e. "whether South Carolina would have power to require the father, if he were domiciled there, to make further provision for the support, maintenance, or education of his daughter."[2] Justice

2. *Yarborough* involved a Georgia divorce decree. The father continued to reside in Georgia.

The minor daughter became domiciled in South Carolina. A petition was filed on her behalf in

Stone's dissent in *Yarborough v. Yarborough,* supra, 290 U.S. at 213, 54 S.Ct. at 185, elaborated upon the question reserved in the majority opinion by stressing that "there comes a point beyond which the imposition of the will of one state beyond its own borders involves a forbidden infringement of some legitimate domestic interest of the other", 290 U.S. at 215, 54 S.Ct. at 186, and observed that the "point" might well be crossed in cases involving child support due to a forum state's compelling interest in the welfare of children residing therein.

In *Thompson,* the court concluded that since the wife, husband and children were all residents of Missouri, coupled with the continuing relationship of parent and child between the father and children, and his attendant duty of support, Missouri was the only sovereign with a legitimate compelling public interest in the welfare of the children. Moreover, upon balancing Missouri's singular public interest in the continuing welfare of the children with policy reasons undergirding the full faith and credit clause, the court in *Thompson* concluded that the scales tipped in favor of holding that the trial court's order continuing child support payments until the children reached the age of twenty-one did not offend the full faith and credit clause.

■ It is readily apparent that the instant case, factually, is distinguishable from *Thompson* in a number of fundamental, salient respects. When the Kansas divorce decree at hand was granted the relationship of husband and wife was severed, and no relationship, such as that between parent and child, continued to exist. Moreover, the Kansas divorce decree dealt exclusively with the respective rights of adults and the present and future welfare of minor children was not involved. This court is unwilling to lightly brush aside the fact that when the husband and wife entered into the property settlement agreement in anticipation of the divorce they struck a bargain with respect to the allocation of property and the amount of alimony agreed upon was an integral part of that bargain. Under both Missouri and Kansas law contracting parties are presumed to know the law and have it in mind when they enter into an agreement. See generally: *Hubbard v. Hubbard,* 264 S.W. 422, 423 (Mo.App.1924); *Dill v. Poindexter Tile Company,* 451 S.W.2d 365, 374 (Mo.App. 1970); *Steele v. Latimer,* 214 Kan. 329, 521 P.2d 304, 310 (1974); and *Flott v. Wenger Mixer Manufacturing Co.,* 189 Kan. 80, 367 P.2d 44, 50 (1961). Under prevailing Kansas law, supra, at the time the property settlement agreement was entered into between the husband and wife, as well as now, the provision as to alimony was not subject to modification as there was no provision prescribed therein for doing so and the wife, obviously, has not subsequently consented that it be modified.

■ This court is constrained to hold that the facts of this case fail to mount a compelling public interest in Missouri, the forum state, of such sweep and force as to outweigh the policy reasons which the full faith and credit clause was intended to serve. To hold otherwise would be tantamount to reading into *Thompson* an authoritative breadth and scope which was never intended and which would inherently strip the full faith and credit clause of continuing integrity.

By way of a closing observation, the husband's point on appeal, viewed in its entirety, reflects espousal of a dangerous dichotomy—registration of a foreign judgment connotes affirmation of the full faith and credit clause for a judgment creditor's purpose and partial abrogation for a judgment debtor's purpose. Adoption of this anomalous position advanced by the hus-

South Carolina, the effect of which sought modification of the Georgia divorce decree regarding support of the minor daughter. The trial court granted the additional support sought on behalf of the minor daughter and its judgment was affirmed by the Supreme Court of South Carolina. The Supreme Court of the United States granted certiorari and reversed the state court judgment on the ground that the Georgia divorce decree was entitled to full faith and credit in South Carolina and therefore not subject to modification.

band would imperil the finality and integrity of all foreign judgments sought to be enforced in this state even though unaccompanied by the existence of extenuating circumstances of such grave magnitude and concern as those present in *Thompson v. Thompson,* supra, which outweighed the policy considerations which the full faith and credit clause was designed to serve.

The order and judgment of the Circuit Court of Jackson County dismissing the husband's petition for modification of the Kansas divorce decree is affirmed.

Judgment affirmed.

All concur.