**Mark REARDON, Petitioner-Appellant,**

v.

**Elisabeth Grossman REARDON,
Respondent-Respondent.**

Nos. 48788, 48571.

Missouri Court of Appeals,
Eastern District,
Division Four.

April 9, 1985.

Harry B. Wilson, St. Louis, for petitioner-appellant.

John B. Kistner, St. Louis, for respondent-respondent.

SMITH, Presiding Judge.

Mark Reardon appeals from two orders of the trial court. The first was a dismissal of his motion for modification of a Connecticut dissolution decree as respects maintenance and child support. The court dismissed that motion for lack of subject-matter jurisdiction. The second is the denial of his motion to set aside a default judgment which established his liability for past due maintenance and child support under the dissolution decree at $20,250.00. We reverse and remand.

Mark Reardon and Elisabeth Reardon were granted a dissolution of their marriage on April 23, 1980, by the Superior Court of Connecticut. Custody of the only child of the marriage was granted to Elisabeth. The stipulation of the parties as to child support, alimony, and the division of property was made part of the judgment. The maintenance payments stipulated to were $100 per week for two years and those were stipulated to be unmodifiable by either party. Child support was set at $150 per week to increase to $200 upon termination of maintenance. No provision concerning modifiability of child support was in the stipulation or decree. Both maintenance and child support were to commence "one week from the sale and closing of the real property" constituting the family home. Elisabeth intended to relocate in Wisconsin and based on statements in the brief has done so. Mark relocated in Missouri.

On November 5, 1981, Elisabeth petitioned the trial court for registration of the Connecticut decree. That petition alleged the rendition of the decree, jurisdiction of the Circuit Court of St. Louis County, and authority under Rule 74.79 to register the judgment and obtain a levy. The prayer sought registration of the judgment and concurrently therewith a writ of process to enforce the judgment against the property of Mark. The petition for registration contained no allegations of non-payment, arrearage, or the date when payments became due under the decree. On the same day the petition was filed the trial court ordered "that said Foreign Judgment in the sum of $20,250.00 as of 11–6–81, together with interest and costs be registered as prayed, and that execution and garnishment be ordered to issue against Mark Reardon." No service of process or notice by mail was made on Mark.

On March 16, 1982, Mark filed in St. Louis County Circuit Court a motion to

modify the dissolution decree as respects both maintenance and child support. That motion was filed carrying the same cause number as the petition for registration. It also sought retroactive modification of the decree and enforcement of the visitation and temporary custody provisions of the decree. Elisabeth filed an answer to the motion to modify requesting dismissal. She raised in the answer Mark's delinquency in payments under the decree but made no allegations of the amounts owed other than characterizing them as "severe." On April 10, 1984, the trial court dismissed Mark's motion "for the reason that the Court lacks subject matter jurisdiction over the matter." Mark timely appealed from that order.

On April 11, 1984, Mark filed his motion to set aside the default judgment entered on November 5, 1981. His grounds included failure to obtain service upon him, the granting of relief not requested in the petition, and an absence of evidence of the amount of any money owed under the Connecticut decree. These grounds were alleged to be irregularities on the face of the record subjecting the judgment to being set aside. Rule 74.32. On May 30, 1984, the Motion was denied. Timely appeal was taken from that order. The two appeals have been consolidated in this court.

■ We first review the dismissal of Mark's motion to modify the dissolution decree. In making such review we reiterate that the action of the trial court was based solely upon the absence of subject-matter jurisdiction and not upon failure to state a claim or some discretionary ground. In *New York ex rel. Halvey v. Halvey*, 330 U.S. 610, 614, 67 S.Ct. 903, 91 L.Ed.2d 1133 (1947) [6, 8] it was held that "a judgment has no constitutional claim to a more conclusive or final effect in the State of the forum than it has in the State where rendered." Missouri therefore has the same power to modify a judgment as the rendering state. *Thompson v. Thompson*, 645 S.W.2d 79 (Mo.App.1982). A foreign judgment registered in this state becomes "a final personal judgment of the court in which it is registered." Rule 74.79(g); Sec. 511.760.7, RSMo 1978; *Mangold v. Mangold*, 294 S.W.2d 368 (Mo.App.1956) [1].[1] Such a judgment becomes the basis for levy against the property of the Missouri resident. Rule 74.79(*l*) & (m). We find no authority which precludes a Missouri court from modifying a judgment registered in Missouri to the extent such modification is permitted in the state of rendition.

■ As to maintenance and support awards which have become due prior to the motion to modify, full faith and credit requires that no modification can be made unless allowed by the state of rendition. *Thompson v. Thompson*, 645 S.W.2d 79 (Mo.App.1982) [11]. Connecticut does not allow such retroactive modification. *Sanchione v. Sanchione*, 173 Conn. 397, 378 A.2d 522 (1977) [9]; *Milot v. Milot*, 174 Conn. 3, 381 A.2d 528 (1977) [3]. To the extent Mark's petition sought such modification the trial court lacked jurisdiction to entertain the motion. The same is true of the award of maintenance in the Connecticut decree. Maintenance was declared in the stipulation (adopted by the decree) to be unmodifiable. Connecticut recognizes such restrictions on maintenance. *Johnson v. Johnson*, 185 Conn. 573, 441 A.2d 578 (1981) [1, 2 & Fn. 5]. Mark does not dispute this on appeal.

■ The award of child support as to future installments stands on a different footing. Such awards are subject to modification in Connecticut unless precluded by the decree. *Johnson v. Johnson, supra;*

1. *Zirul v. Zirul,* 671 S.W.2d 320 (Mo.App.1984) explained that the language utilized in *Mangold* was less extensive than it appears to be. *Zirul* held that registration in Missouri did not cause the judgment to assume all the characteristics of a Missouri judgment if those characteristics differed from those of the rendering state. *Zirul* was dealing with a claim that registration of a foreign judgment not subject to modification in the rendering state, lost that status when registered in Missouri which would allow modification. *Zirul* rejected that claim as do we. *Zirul* does not reach the issue before us of modification in Missouri of a registered foreign judgment subject to modification in the rendering state.

*Bilosz v. Bilosz,* 184 Conn. 90, 441 A.2d 59 (1981) [1–3]. There is no prohibition of modification of child support in the decree or stipulation. The trial court had jurisdiction over Mark's motion to modify the child support award and to enforce the visitation and temporary custody provisions of the Connecticut decree. The trial court erred in dismissing the motions on jurisdictional grounds.[2]

We turn to the motion to set aside the default judgment. Both parties agree that the November 5 order of the trial court registering the judgment did not become final until thirty days after Mark entered his appearance. Rule 74.79(g). That entry occurred March 16, 1982, when Mark filed his original motion to modify. Thereafter, Mark did not file an answer to the petition for registration. As a result the registration of the foreign judgment became final. Neither party questions that the Connecticut decree has been properly registered in Missouri. Elisabeth contends that such registration includes the ex parte determination by the trial court of the amount due under that judgment. We think not for two interrelated reasons.

 First, the matter presented to the court on November 5, was the registration of the decree from Connecticut. That decree did not establish an amount owing. It did not even provide the date on which payments under the decree commenced. Registration of the decree did not carry with it any presumption of the amount owing. For the court to make a determination of a dollar amount due as a part of the registration order without notice to Mark was a denial of due process rendering that portion of the order void. *Griffin v. Griffin,* 327 U.S. 220, 232–33, 66 S.Ct. 556, 90 L.Ed. 635 (1946) [11–13]. Secondly, the petition for registration made no request for determination of an amount due, set forth no facts from which such a computation could be made, and contained no alle-

gation of arrearage or non-payment under the decree. It afforded, in short, no basis for an award of a specific sum under the decree. Mark's failure to answer admitted all facts well pleaded in the petition. But there were no well-pleaded facts supporting the amount set forth in the registration order. The order granted relief in excess of that requested in the petition and was unsupported by the allegations of the petition. As such it was beyond the jurisdiction of the trial court to award in a default judgment. *Govero v. Govero,* 579 S.W.2d 152 (Mo.App.1979) [1]; *Rook v. John F. Oliver Trucking Co.,* 505 S.W.2d 157 (Mo. App.1973) [1–3]. Both the absence of due process and the absence of jurisdiction to award relief beyond that pleaded were irregularities apparent on the face of the record. As such they warranted the relief sought in Mark's motion to set aside default and the trial court erred in denying such motion.

Judgment on the default judgment reversed and cause remanded with directions to set aside default judgment to the extent it establishes an amount due under the Connecticut judgment. Judgment dismissing appellant's motions to modify future awards of child support and to enforce decree is reversed and remanded. Judgment dismissing appellant's motion to modify maintenance award and past due child support is affirmed.

SNYDER and SATZ, JJ., concur.

---

2. The trial court relied upon *Siegel v. Mosier,* 632 S.W.2d 76 (Mo.App.1982) in dismissing the motions. That case deals with the authority of a court to award the amounts it found at hear-

ing to be past due, and restricts the court from awarding as part of the judgment future payments subject to modification. The case is inapposite.