**Nancy Lou (Warthen)
THOMASON, Appellant,**

v.

**Bernard Allen WARTHEN, Respondent.**

No. 16019.

Missouri Court of Appeals,
Southern District,
Division Two.

June 9, 1989.

Samuel J. Short, Jr., Stockton, for appellant.

Jack Hoke, Hoke & Miller, Springfield, for respondent.

PREWITT, Judge.

The marriage of the parties was dissolved on January 20, 1977, by a decree of the district court of Linn County, Kansas. Appellant received custody of the minor child of the parties and respondent was ordered to pay appellant $25 per month for child support. Thereafter appellant and the parties' son moved to Cedar County, Missouri. Respondent now lives in Springfield, Greene County, Missouri.

On August 12, 1988, appellant filed a "Motion for Modification" in the Circuit Court of Cedar County, Missouri, seeking modification of the Kansas decree by increasing the child support. Respondent filed a motion to dismiss which admitted the Kansas decree but sought dismissal of appellant's motion for lack of jurisdiction. After hearing, respondent's motion was sustained.

Respondent contended in the trial court and here that the motion to modify failed to state a claim upon which relief could be granted because (1) the "Uniform Child Custody Jurisdiction Act", §§ 452.440–.550, RSMo 1986, does not include decisions relating to child support, and (2) because the Full Faith and Credit Clause of the United States Constitution compels Missouri to honor Kansas decrees which are not modifiable in the rendering state and appellant failed to allege or show facts that the prior Kansas decree was modifiable.

Although appellant's motion does not clearly state that registration of the Kansas decree is sought, see § 511.760, RSMo 1986, respondent agrees with the statement in appellant's brief that it was sought and does not question its authentication nor raise any other contention that it should not have been registered in Cedar County. No claim is made that venue there is improper.

Jurisdiction here did not have to be based upon the Uniform Child Custody Jurisdiction Act but could be present independently of it. Reference to the Uniform Child Custody Jurisdiction Act in the motion does not prevent jurisdiction from being acquired. That reference can be treated as surplusage and disregarded. Nor does the full faith and credit clause prevent the modification of the judgment if it could be modified in the state rendered. A Missouri court can modify a foreign judgment providing for child support registered in Missouri to the extent that such modification is permitted in the state of rendition. *Reardon v. Reardon*, 689 S.W.2d 127, 129 (Mo.App.1985). See also *Thompson v. Thompson*, 645 S.W.2d 79, 87 (Mo.App. 1982) (Modification of support portion of Kansas decree as to duration where all parties then Missouri residents).

Kansas allows for the modification of child support provisions of a divorce decree. The general rule there is that decrees providing for child support may be modified when a material change in circumstances is shown. Kan.Stat.Ann. § 60–1610 (1988 Cum.Supp.) See also *Salem v. Salem*, 214 Kan. 828, 522 P.2d 336, 341 (1974).

Respondent relies on *Zirul v. Zirul*, 671 S.W.2d 320 (Mo.App.1984), but it is not on point. There, the portion of the judgment sought to be modified was a type of maintenance which, under Kansas law, could not be modified.

It was not necessary that appellant allege that the decree was subject to modification under Kansas law. That is a legal conclusion. The allegations revealed that the law of another state was relevant, so Missouri courts take judicial notice of that law. See Rule 55.21(b); §§ 490.080–.120, RSMo 1986; *Ellsworth v. Worthey*, 612 S.W.2d 396, 399 (Mo.App.1981); *Hartman v. Hartman*, 602 S.W.2d 932, 934 (Mo.App. 1980).

On the basis of the facts alleged by appellant and admitted by respondent, registration of the Kansas decree was proper. Thereafter Missouri courts would have jurisdiction to modify the decree as to child support.

The dismissal of appellant's motion is reversed and the cause remanded for registration of the decree attached thereto and for a hearing on appellant's motion.

FLANIGAN, P.J., and HOGAN, J., concur.